# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br>VICTORIA COMMISSO,<br><br>                 Defendant. | Case No. 2:17-cr-00103-KJD-PAL<br><br>ORDER<br><br>(Mot Sever – ECF No. 97) |

Before the court is defendant Victoria Commisso's Motion to Sever Defendants for Trial (ECF No. 97) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has considered the motion and the government's Response (ECF No. 106).

## BACKGROUND

Commisso is charged in an Indictment (ECF No. 1) returned April 4, 2017, with conspiracy to interfere with commerce by robbery, two counts of interference with commerce by robbery, and two counts of use of a firearm during and in relation to a crime of violence. She made an initial appearance on April 12, 2017 on a writ of habeas corpus ad prosequendum. Counsel was appointed, she entered pleas of not guilty, and the trial date was initially set for June 5, 2017. *See* Minutes of Proceedings (ECF No. 22). The parties stipulated to multiple extensions of the deadline for filing pretrial motions and the trial date. Trial is currently set for January 28, 2019. Order (ECF No 117).

    **I.     The Motion to Sever**

In the current motion, Commisso seeks to sever her trial from the trial of co-defendant Nicholas Brodigan[1]. She argues her trial must be severed from Brodigan's trial pursuant to the

---

[1] Co-defendant Castro plead guilty and has been sentenced.

1

rule announced in *United States v. Bruton*, the Sixth Amendment Confrontation Clause, and the Fifth Amendment Due Process Clause.

The robberies alleged in the indictment occurred between March 13, 2017, and March 19, 2017. On March 20, 2017, Ms. Commisso and Mr. Brodigan were taken into custody. Ms. Commisso was interviewed but did not make any incriminating statements. However, Brodigan was interviewed and not only implicated himself, but provided information implicating Ms. Commisso in the robberies alleged in the indictment. Mr. Brodigan has stated that Ms. Commisso was present during the alleged robberies and at times drove the vehicle while Brodigan and Castro went inside the stores. Throughout his statement, Mr. Brodigan tried to minimize his role while pointing the finger at Mr. Castro and Ms. Commisso.

Commisso seeks severance under Rule 14 of the Federal Rules of Criminal Procedure arguing that a joint trial would be manifestly prejudicial. She acknowledges that under applicable Ninth Circuit authority to warrant severance, she must show that a joint trial would violate a substantive right such as (1) unavailability of full cross examination, (2) lack of opportunity to present an individual defense, (3) denial of Sixth Amendment confrontation rights, (4) lack of separate counsel among defendants with conflicting interests, or (5) failure to instruct the jury on admissibility of evidence as to each defendant. The primary consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions.

Commisso contends that the admission of Brodigan's confession which implicates Commisso in a joint trial would constitute prejudicial error even if the court provides a clear curative instruction. Her trial must be severed from Brodigan's for three reasons. First, she will not be able to adequately cross-examine Brodigan. Brodigan is likely to assert his Fifth Amendment right to remain silent if the defendants are tried together, which would prevent Commisso from cross-examining her accuser in violation of the Sixth Amendment. Brodigan's statements cannot be redacted in a manner that would alleviate the danger the jury will infer her involvement.

Second, there is a danger of spillover prejudice because of the disparity in evidence. Brodigan confessed while also implicating his co-defendants. However, Ms. Commisso did not confess and the evidence against her is minimal. A jury will find it extremely difficult to compartmentalize the evidence offered against the co-defendants which implicates and violates her Fifth Amendment due process rights.

Third, based on the discovery disclosed by the government, Commisso anticipates that she and Brodigan will present mutually exclusive and/or antagonistic defenses. She believes Brodigan will be forced to adopt a defense that concedes many of the government's allegations which would "create a situation rife with the potential for spillover prejudice", and improperly hamper her defense. Her mere presence defense will point the proverbial finger at Brodigan as the perpetrator of the alleged robbery because Commisso would likely not contest many of the government's allegations against him. This represents mutually exclusive defenses which warrants severance. The problem of spillover prejudice is compounded by the confrontation issues and manifestly prejudicial to Commisso. A jury cannot reasonably be expected to collate and appraise independent evidence against each defendant in view of its volume and the court's potential limiting instructions. The court should therefore sever Commisso's trial from that of her co-defendant to preserve her constitutional rights.

**II.     The Government's Response**

The United States opposes the motion. The government's theory of the case is that on March 13, 2017, defendants Brodigan and Castro entered the Lowe's Home Improvement store on N. Nellis Boulevard in Las Vegas. Castro was armed with a semiautomatic handgun openly carried in a holster on his hip. Castro and Brodigan went to the tool department, took merchandise, walked past all points of sale and towards the store's exit. An employee confronted them, and Castro placed his hand on his holstered gun telling the clerk to "move out of the way or get shot." Castro and Brodigan then fled.

On March 19, 2017, the government alleges that Castro and Brodigan walked into a Home Depot store located on S. Lamb Boulevard in Las Vegas. Castro was armed with a semiautomatic handgun openly carried in a holster on his hip. Castro and Brodigan went to the tool department,

selected merchandise, and proceeded to walk out of the store. While doing so, Castro placed his hand around the handle of his holstered firearm. An employee attempted to prevent Castro and Brodigan from fleeing but stopped when he/she realized Castro was armed. Castro and Brodigan allegedly fled in a vehicle driven by Commisso.

Thirty minutes after the second robbery, Commisso and Castro entered the Home Depot on S. Pecos Road in Las Vegas. Castro was again armed with a semiautomatic handgun openly carried on his hip. Commisso and Castro went directly to the tool department, and selected merchandise and walked toward the entrance. A store employee again attempted to stop the defendants from leaving the store without paying for the merchandise. Castro pulled his firearm out of his holster, pointed it at the employee, and told them to "back off." Commisso and Castro left the store and entered a Hyundai Brodigan had parked close to the entrance. All three defendants then drove away.

In the early morning hours of March 20, 2017, officers spotted the vehicle all three defendants used to flee from the robberies on March 19, 2017. Castro was driving with Brodigan and Commisso as passengers. Officers attempted to initiate a traffic stop. Castro refused to stop, and a high-speed chase ensued. Brodigan jumped out of the car as it was traveling and was subsequently apprehended. The officers stopped pursuing Castro due to concerns for public safety, but subsequently located the vehicle abandoned near 9th Street and Bridger. An air unit reported seeing two people fleeing from the vehicle. Officers searched a nearby parking garage, located Commisso, and arrested her. She was identified from still photographs taken during the last robbery as the female who entered the Home Depot on S. Pecos Road with Castro. She also possessed personal items that were depicted in the same surveillance footage.

The government acknowledges that in a post-*Miranda* interview, Brodigan admitted to being present for all three of the robberies, identified Castro as "Andy" and Castro's girlfriend "Victoria". Brodigan told the officers he stayed in the car during the last robbery but accompanied Castro inside the store for the first two. Brodigan also told officers he took a plastic bag with some parts in it during the first robbery, claimed he was unaware of the third robbery, and claimed Victoria was involved in the last two robberies and drove the vehicle during the second robbery.

During her post-*Miranda* interview, Commisso denied knowing Castro or Brodigan. She also denied any involvement in the robberies or ever being in the Hyundai that was used for all three robberies and to flee from the police on March 20th.

On March 21, 2017, officers saw Castro leave a residence on Sir Phillip Street in Las Vegas armed with a semiautomatic handgun openly carried in a holster on his hip. When officers approached, Castro fled jumping a wall while attempting to pull his handgun out. Eventually Castro dropped the handgun and holster on the ground as he continued running but was ultimately apprehended. Castro's handgun matched the one depicted in video surveillance from all three robberies. A search warrant was executed at the residence on Sir Phillip Street during which officers recovered a tool bag Castro and Brodigan took during the March 13, 2017 robbery.

The government argues that there is a strong preference for joint trials of defendants who are indicted together. Defendants carry a heavy burden of showing clear manifest or undue prejudice from a joint trial. In this case, Commisso's primary basis for requesting severance is premised on concerns that the government will seek to play co-defendant Brodigan's recorded interview at trial. The government maintains that the rule announced in *Bruton v. United States*, 391 U.S. 123 (1968) does not compel severance unless the government cannot sufficiently redact a co-defendant's statement and seeks to admit those statements. The Ninth Circuit has held that a non-testifying co-defendant's statement can be redacted to avoid direct reference to a co-defendant and statements that only inferentially implicate a co-defendant are outside the scope of the *Bruton* rule. The government does not intend to play Brodigan's recorded confession or provide a redacted copy of the interview to the jury at a joint trial. Rather, the government will seek to summarize Brodigan's statements which implicate his own involvement in the crime excluding any of Brodigan's limited references to Commisso. This will effectively eliminate Commisso's concern.

Commisso has failed to identify how her proposed mere presence defense would be mutually exclusive of any intended defense asserted by Brodigan. The mere fact that one defendant tries to shift the blame to another defendant does not mandate separate trials. The Ninth Circuit has also held that mere inconsistency in defense positions is insufficient to warrant a separate trial based on antagonistic defenses.

Finally, the government argues severance is not warranted based on any alleged "spillover effect" due to alleged disparity in the evidence. The Ninth Circuit has recognized that great disparity in the amount of evidence introduced against joined defendants may warrant severance. However, the primary consideration in a motion to sever based on spillover effect is the determination of whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants. Proper limiting jury instructions are generally held to neutralize any potential spillover prejudice. In this case, there is no great disparity in the evidence between defendant Brodigan and Commisso which warrants severance. Both can be seen in the surveillance videos from the two March 19th robberies where they entered the store with Castro. Brodigan and Commisso were in the vehicle Castro was driving when he fled from officers on March 20th and both attempted to flee on foot. Both were found wearing or carrying items that matched the video surveillance. Brodigan's recorded statement is the only evidence that will be presented against him and not against Commisso. A jury can reasonably be expected to apply Brodigan's statements only as it relates to his charges and not Commisso's. The court should therefore deny Commisso's motion to sever.

## **DISCUSSION**

Rule 8 of the Federal Rules of Criminal Procedure allows joinder of offenses and defendants if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Commisso does not claim that she was improperly joined for trial with the trial of her co-defendants or that the offenses charged were improperly joined in violation of Rule 8. Rather, she seeks severance under Fed. R. Crim. P. 14(a) which provides:

> If joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d

916, 919 (9th Cir. 1978). The court's denial of a motion to sever is reviewed for abuse of discretion. *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016).

The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that, without severance, she will be denied a fair trial. *See United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011). Prejudice may arise where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be confounded in presenting his defenses (*i.e.*, where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict her on another based on his criminal disposition. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). However, if there is a risk of prejudice, the trial court can neutralize the risk with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 540 (1993); *United States v. Patterson*, 819 F.2d 1495, 1503 (9th Cir.1987) (severance is unnecessary when the trial court carefully instructs the jury "because the prejudicial effects of the evidence of co-defendants are neutralized"); *Vasquez-Velasco*, 15 F.3d at 847 (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).

Rule 14 does not require severance even if prejudice is shown; rather, the rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro*, 506 U.S. at 538–39. The Ninth Circuit has explained that Rule 14 sets a high standard for showing prejudice "because some prejudice is inherent in any joinder of defendants" and "few, if any, multiple defendant trials could be held" if a defendant need only show some prejudice. *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). A district court abuses its discretion in denying severance under Rule 14 is only when "a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *Jenkins*, 633 F.3d at 807.

The court finds that Commisso has not established that severance is required. Commisso has not established a serious risk that a joint trial with co-defendant Brodigan would compromise one of her specific trial rights, or that a joint trial would prevent the jury from making a reliable

7

judgment about her guilt or innocence. Commisso has not shown any disparity in the evidence between her and Brodigan likely to be introduced in a joint trial except that Bordigan gave a statement implicating himself and his co-defendants while Commisso exercised her right to remain silent. Commisso's defense is apparently that Brodigan may have committed the crimes at which she was merely present. As explained below, Brodigan's statement can be redacted to omit any reference to Commiso's alleged involvement. If Brodigan testifies she will be able to cross examine him. If he does not, her right to confront and cross examine will not be denied.

Commisso has not shown that she is entitled to severance on the grounds that Brodigan would testify favorably on her behalf if severance was granted. To be entitled to severance on the basis of exculpatory testimony from a co-defendant, the defendant seeking severance must show that she would call a co-defendant to testify at a severed trial, the co-defendant would testify, and the testimony would be favorable to her. *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980). Commisso has made no such showing.

Commisso has also not shown that her defense he mutually exclusive or mutually antagonistic with Brodigan's defense. Rather, it appears that Commisso will claim she was merely present during the three robberies and in the the Hyundai the police pursued on March 20, 2017 when she was arrested. By contrast, she expects Brodigan will attempt to deflect his own guilt by pointing the finger at her. "Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other." *Collins v. Runnels*, 603 F.3d 1127, 1131 n.2 (9th Cir. 2010) (quoting *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991)). As the Ninth Circuit explained in *United States v. Rashkovski*, 301 F.3d 1133, 1138 (9th Cir. 2002), a defendant requesting severance on the basis of mutually antagonistic defenses "must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense at the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." Commisso has not met this standard.

Finally, Commisso argues that a joint trial would violate the *Bruton* rule. In *Bruton v. United States*, 391 U.S. 123, 126 (1968), the Supreme Court held that a defendant's Sixth Amendment right to confront and cross-examine witnesses is violated when a facially

incriminating confession of a non-testifying co-defendant is introduced at a joint trial, even if the jury is instructed to consider the confession only against the co-defendant implicating herself. To constitute a violation of the Confrontation Clause, the co-defendant's confession must directly incriminate the objecting defendant. *Id.* The Supreme Court later clarified that "the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with proper limiting instruction when . . . the confession is redacted to eliminate not only the co-defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). In *Richardson,* the Supreme Court declined to extend the *Bruton* doctrine to "confessions incriminating by connection." *Id.* at 209.

A properly redacted confession of a co-defendant does not violate the Confrontation Clause if the confession does not refer to the objecting defendant. *Mason v. Yarborough*, 447 F.3d 693, 695-96 (9th Cir. 2006). However, the redacted confession may not reference the co-defendant by implication, for example, by replacing a name with an obvious blank space or symbol or word such as "deleted". *Gray v. Maryland*, 523 U.S. 185, 196-97 (1998). In *United States v. Parks*, 285 F.3d 1133, 1139 (9h Cir. 2002), the Ninth Circuit held that the admission of a redacted statement was error, but harmless beyond a reasonable doubt because there was substantial evidence of the objecting defendant's guilt. There, the Ninth Circuit noted that "[t]he combination of an obviously redacted statement with the language implying the existence of a third person reasonably could lead the jury to conclude that the unnamed third person must be the co-defendant before them." *Id.*

The government represents it will not seek to introduce the recorded interview in which Brodigan admitted his own involvement in the robberies and implicated his two co-defendants. The government indicates it will have a witness, presumably the officer taking Brodigan's statement, testify about Brodigan's admissions about his own involvement excluding any reference to Commisso. Commisso did not file a reply explaining why this approach will not adequately address her Confrontation Clause rights. Moreover, Commisso may request an appropriate jury instruction requiring the jury to assess the evidence against each of the defendants and explaining how and against whom certain evidence may be considered. A proper curative instruction will

reduce or eliminate any possibility of prejudice arising from a joint trial. *See, e.g., United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2012). There is a strong presumption that juries follow curative instructions. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010).

Commisso and Brodigan are both charged with conspiracy. The Ninth Circuit has held that a joint trial is "particularly appropriate" when defendants are charged with conspiracy. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S. at 536-37). A joint trial is particularly appropriate in conspiracy cases "because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2002).

The public has a substantial interest in a joint trial of defendants indicted together. *United States v. Camacho*, 528 F.2d 464, 470 (9th Cir. 1976). Joint trials serve the interests of justice by avoiding the scandal and inequity of potentially inconsistent verdicts. *Richardson v. Marsh*, 481 U.S. 200, 210 (internal quotations omitted). Judicial economy also weighs heavily in favor of a joint trial when separate trials would involve presentation of virtually identical evidence to separate juries.

Having reviewed and considered the moving and responsive papers, and for the reasons explained,

**IT IS ORDERED** that Commisso's Motion to Sever (ECF No. 97) is **DENIED**.

DATED this 26th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE