UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA COMMISSO,<br><br>Defendant. | Case No. 2:17-cr-103-KJD-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Compassionate Release under FIRST STEP Act. (#189). The United States has not responded. The Federal Public Defenders filed a notice of conflict requesting that the Court appoint additional counsel to Defendant to assess Defendant's eligibility to seek compassionate release and supplement her motion if needed. (#190).

I.   Factual and Procedural Background

Defendant Victoria Commisso ("Commisso") is currently serving an 84-month sentence in federal prison. (#189, at 4). In March 2017, Commisso was involved in multiple armed robberies. Her co-defendants would enter a hardware store armed with a gun on a holster. They would grab the gun or point it at anyone who told them to pay for the items they were stealing. Commisso either accompanied the armed co-defendant or drove the get-away car. In February 2019, Commisso pleaded guilty to one count of Use of a Firearm During and in Relation to a Crime of Violence. Id. 3. Commisso is scheduled to be released from federal custody in April 2023, followed by five years of supervised release. Id. Commisso filed this motion *pro se*.

II.   Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.   Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Commisso's *pro se* motion does not meet the administrative exhaustion requirements for a compassionate release motion. District courts in this circuit "have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." United States v. Fuller, 2020 WL 1847751, *2 (W.D. Wash. Apr. 13, 2020); see also United States v. Route, 458 F.Supp.3d 1285, 1288 (W.D. Wash. Apr. 29, 2020) (collecting cases). The motion cannot be construed in a way that satisfies the requirement and this failure to exhaust her administrative remedies bars Commisso from seeking relief in this Court. The circumstances of "COVID-19 do[] not extinguish the 30-day exhaustion requirement." Route, 458 F.Supp.3d at 1288.

1  Commisso's application must be denied for this reason.

2  In April 2020, the Chief Judge for the District of Nevada issued a general order directing the Federal Public Defenders Office ("FPD") to determine prisoners' eligibility for compassionate release. However, the public defenders cannot represent Commisso due to a prohibitive conflict. FPD requests that the Court appoint Commisso counsel to determine her eligibility for compassionate release and potentially supplement her motion. The Court grants the request and appoints Commisso CJA counsel. To qualify for compassionate release, Commisso must show an extraordinary and compelling reason for release. The existence of COVID-19 is not by itself enough to warrant release. Additionally, as of the date of this writing, Waseca FCI, the facility in which Commisso is housed, currently shows no cases of COVID-19, and has not reported any deaths. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Jan. 19, 2021). Appointed counsel should consider whether Commisso is at any additional risk in Waseca FCI than at home where cases continue to rise when determining if she qualifies for a compassionate release motion. If she does, she may refile with the assistance of counsel.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Compassionate Release (#189) is **DENIED**.

Dated this 19th day of January, 2021.

_____
Kent J. Dawson
United States District Judge