UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA COMMISSO,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:17-cr-00103-KJD-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

　　　　Before the Court is Defendant's Motion for Compassionate Release under FIRST STEP Act. (ECF #202). The government responded in opposition (ECF #205) and Defendant replied (ECF #206).

　　　　I.　　　**Factual and Procedural Background**

　　　　Defendant Victoria Commisso ("Commisso") is currently serving an 84-month sentence in federal prison. (ECF #189, at 4). In March 2017, Commisso was involved in multiple armed robberies. Her co-defendants would enter a hardware store armed with a gun on a holster. They would grab the gun or point it at anyone who told them to pay for the items they were stealing. Commisso either accompanied the armed co-defendant or drove the get-away car. In February 2019, Commisso pleaded guilty to one count of Use of a Firearm During and in Relation to a Crime of Violence. Id. 3. Commisso is scheduled to be released from federal custody in April 2023, followed by five years of supervised release. Id. Commisso filed a *pro se* motion for compassionate release that was denied prior to obtaining counsel and filing the instant motion.

　　　　II.　　　**Legal Standard**

　　　　The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.     Analysis

To qualify for compassionate release, an inmate must show an extraordinary and compelling reason for release. The existence of COVID-19 is not by itself enough to warrant release. Commisso argues that she cannot adequately care for her own health needs while incarcerated. She also argues that the BOP has failed to protect inmates from COVID-19 and that she should be permitted release to be with her daughter. Commisso cites a declaration by a doctor who reviewed the policies of the facility in which Commisso is located as evidence of the BOP's mismanagement. Commisso argues that because of the BOP's policies, 70% of inmates at her facility contracted COVID-19 at the end of 2020. The government opposes Commisso's motion, arguing that she has not shown that she is at additional risk of serious injury or illness. The government also argued that Commisso proved she was not truly worried about contracting COVID-19 when she declined to be vaccinated. Commisso has since supplemented her motion to show that she has now been fully vaccinated.

To grant a compassionate release motion, the Court must find extraordinary and compelling reasons to do so. Commisso has not shown such reasons. Commisso does not appear to have any underlying health conditions that put her at additional risk of serious injury from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), only about 5% of people who have died from COVID-19 did not have any underlying condition. CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm (last visited Sep. 28, 2021). Of the rest of the approximately 95% of those who have died, there was an average of four additional causes or conditions contributing to death. Id. This indicates that people without underlying conditions or comorbidities are significantly less likely to die from COVID-19. Without any other underlying conditions, Commisso cannot show that she is at an elevated risk of harm.

Also, Commisso's medical records show that she has tested positive for COVID-19 in the past. (ECF # 203-2, at 27) (indicating that Commisso was an "[i]nmate with positive COVID-19 test. At this time inmate is considered recovered."). Commisso likely has some level of natural immunity to COVID-19 and now has been vaccinated. Studies show that "after a single vaccine in people who have recovered from Covid-19, antibodies skyrocket up, including those that neutralize variants of concern." Akshay Syal, M.D., 'Hybrid Immunity': Why People Who Had Covid Should Still Get Vaccinated, NBC NEWS (Sep. 13, 2021) https://www.nbcnews.com/health/health-news/hybrid-immunity-people-covid-still-get-vaccinated-rcna1974. Commisso is protected against COVID-19 as the CDC recommends and has not shown extraordinary or compelling reasons to warrant compassionate release. If the Court were to accept her argument that release should be granted simply because she is not in control of her healthcare, then each and every inmate, regardless of risk or circumstance, would have to be released as well, as none are fully in control of their own healthcare. The Court is unwilling to make such a ruling.

Additionally, as of the date of this writing, Waseca FCI, the facility in which Commisso is housed, currently shows no cases of COVID-19 amongst the inmates, one positive test from a staff member, and has not reported any deaths. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sep. 28, 2021).

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF #202) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motions to Seal (ECF #203/208) are **GRANTED**.

Dated this 28th day of September, 2021.

                                                  Kent J. Dawson
                                                  United States District Judge